Argued and submitted October 6, the decision of the Court of Appeals and judgment of the trial court affirmed December 20, 1988

In the Matter of Rachel Ann Lang, a Child.
STATE ex rel JUVENILE DEPARTMENT
OF MULTNOMAH COUNTY et al,
*Respondent on Review,*

*v.*

LANG,
*Petitioner on Review.*

(CC 8611-81925; CA A44663; SC S35281)

765 P2d 1240

Howard Clyman, West Linn, argued the cause and filed the petition for petitioner on review.

Jerome Lidz, Assistant Attorney General, Salem, argued the cause for respondent on review. With him on the response to the petition were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Peterson, Chief Justice, Linde, Campbell, Carson,

Jones and Gillette, Justices, and Van Hoomissen, Justice pro tempore.

PER CURIAM

## PER CURIAM

We granted review in this case to decide whether a child's statements to a doctor identifying her sex abuser are admissible under OEC 803(4).[1]

On *de novo* review, we find no need to reach that issue because there is overwhelming evidence that this child is within the jurisdiction of the juvenile court as a person subjected to "cruelty or depravity or to unexplained physical injury." ORS 419.476(1)(e). Once the state proved that the child is within the jurisdiction of the court, the disposition of the child is made by the juvenile court without regard to "competency or relevancy under the rules of evidence." ORS 419.500(2).

We therefore affirm the decision of the Court of Appeals and the judgment of the trial court.

---

[1] OEC 803(4) provides:

"The following are not excluded by Rule 802, even though the declarant is available as a witness:

"* * * * *

"(4) Statements made for purposes of medical diagnosis or treatment and describing medical history, or past or present symptoms, pain or sensations, or the inception or general character of the cause of external source thereof in so far as reasonably pertinent to diagnosis or treatment."